**Christopher L. Cauble,** OSB No. 962374
ccauble@thecaublefirm.com
**Chase A.S. Beguin,** OSB No. 222861
cbeguin@thecaublefirm.com
**CAUBLE & WHITTINGTON, LLP**
111 SE Sixth St.
Grants Pass, OR 97526
Telephone: (541) 476-8825
Facsimile: (541) 471-1704

*Of Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**MEDFORD DIVISION**

| | |
|---|---|
| **FRED AND LINDA MARTI,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**US PRO MOVING AND LOGISTICS LLC.; D UNITED LOGISTICS MOVING & STORAGE, INC.; ANTHEM CLAIM MANAGEMENT, LLC.; SOUTHEAST HOLDING, LLC., a Delaware Corporation; JOE D. KLEIN; BRUIA CRURIA FARRAN-KLEIN; JOSHUA L, LEWIS; RUDOLPH LOGAN RICE; BERNARD M. BRICKEL; JOHN DOE; and JANE ROE.**<br><br>**Defendants.** | **Case No.: 1:21:cv-00471-AA**<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS SECOND AMENDED COMPLAINT** |

COME NOW Defendants US PRO MOVING ("US Pro"), SOUTHEAST HOLDING, LLC ("Southeast"), Rudolph Logan Rice ("Rice") and Bernard M. Brickel ("Brickel") hereby appears, and answers Plaintiff's Second Amended Complaint as follows:

///

///

///

///

## I. PARTIES

1.

Defendants admit to paragraphs 1-3

2.

Defendants do not have the requisite information to admit or deny paragraph 4 and therefore deny same.

3.

Defendants deny in part paragraph 5, that Southeast Holding aids, abets and/or conspires with Defendants to conceal the identity of owners, or attempts to deprive consumers of their statutory rights under the Carmack Amendment, but admit the remainder of the paragraph.

4.

Defendants do not have requisite information to admits or deny paragraphs 6 and 7 and therefore deny same.

5.

Defendant denies in part paragraph 8, that he aided abetted, and/or anticipated in the concealment of the crime of theft of property against the plaintiffs, and denies that he aided, abetted and/or conspired with Defendants US Moving Pro and/or Southeast Holding LLC to conceal the identities of other owners and principals, or operates to deny consumers any statutory rights, but admits the remainder of the paragraph.

6.

Defendant denies in part paragraph 9**,** that he aided, abetted and/or conspired with Defendants US Moving Pro and/or Southeast Holding LLC to conceal the identities of other owners and principals, or operates to deny consumers any statutory rights, but admits the remainder of the paragraph. Mr. Brickel is a legal assistant for US Pro, and has done nothing to hold himself out as legal representative for US Pro to the Plaintiffs.

7.

Defendants admit paragraph 10.

///

8.

Defendants cannot admit or deny paragraph 11 because they lack sufficient knowledge and therefore deny same.

## II. JURISDICTION

9.

Defendants deny paragraph 12 in part, that federal question jurisdiction is satisfied by the RICO claim, because any potential RICO claims of the Plaintiffs do not involve the Defendants listed in this Response.

## III. VENUE

10.

Defendant admits paragraph 13.

## IV. FACTUAL BACKGROUND

### A. Moving Brokerage and representation by Moving Broker US Pro:

11.

Defendant admits paragraphs 14-19.

### B. Plaintiffs Confronted US Pro with Deceptive Trade Practices Complaints Against US Pro and D United.

12.

Defendants denies in part paragraphs 20 and 21, that any review website suggested "criminality", or that US Pro rejected on the merits the entire volume of negative reviews, and that Plaintiffs relied upon US Pro's statements in deciding to stay with D United, but admits the remainder of paragraphs 20 and 21.

### C. Plaintiffs' Attempts to Cancel Contract with US Pro Resulting in Coerced Higher Price:

13.

Defendants admit paragraph 22.

///

///

14.

Defendants deny allegations in paragraph 23, that the plaintiffs were coerced by US Pro to withdraw their cancelation notice. US Pro contacted the plaintiffs following their attempted cancelation in a legal attempt to retain the plaintiff's business with the company.

**D. Moving and Irregularities by Mover D United in Oregon on November 25, 2020:**

15.

Defendants do not have requisite information to admit or deny paragraphs 24-32 and therefore deny same.

**E. Moving Irregularities by Mover D United in Oregon on November 26, 2020 and Coercive Demand for a Higher Price:**

16.

Defendants do not have requisite information to admit or deny paragraphs 33-34 and therefore deny same**.**

17.

Defendants admit in part paragraph 35, that the price was changed from 3.75 to 3.15 per cubic foot but cannot confirm or deny the remainder of the paragraph due to lack of sufficient information., and therefor deny same.

18.

Defendants do not have requisite information to admit or deny paragraphs 36-39 and therefore deny same**.**

**F. Moving Irregularities by Mover D United in California on December 19, 2020, Coercive demand for a Higher Price and Police Protection:**

19.

Defendants admit in part to paragraph 40, that the plaintiffs contacted US Pro, but denies the remainder of the paragraph.

20.

Defendants do not have requisite information to admit or deny paragraphs 41-54 and therefore deny same.

**G. Plaintiff's Timely Submission of Claims to Mover and Broker; Failure to Provide Information re Arbitration:**

21.

Defendants admit paragraph 55

22.

US Pro denies in part paragraph 56, that US Pro tendered a $300 refund without consent or release of any kind; US Pro is not able to move any money to or from the client's account without their consent. Defendants do not have requisite information to admit or deny the remainder of paragraph 56 and therefore deny same.

23.

Defendants admit Paragraph 57.

**H. Losses and Damages Suffered by Plaintiffs**

24.

Defendants do not have requisite information to admit or deny paragraphs 58-62, and therefore deny same.

**V. SPECIFIC FACTS RE FEDERAL REQUIRE BROKERAGE AND MOVING DOCUMENTS**

25.

Defendants admit paragraphs 63-69. And further allege that related to paragraph 67 of the complaint, that "Binding Moving Estimate" would not exceed amount PROVIDED that US Pro Moving was provided an accurate description of the services to be performed.

26.

Defendants deny in part paragraph 70, that the plaintiffs were under duress on November 17th when they agreed to a larger cubic volume, but admit the rest of the paragraph

27.

Defendants admit paragraph 71.

///

///

28.

Defendants denies in part paragraph 72, that the plaintiffs acted under duress when they agreed on November 17, 2020, to the "Binding Moving Estimate", but admits the rest of the paragraph

29.

Defendants admit paragraph 73.

30.

Defendants denies in part paragraph 74, that the defendants were under duress at the time they agreed to the terms in the binding estimate on November 18th, 202. Plaintiffs were always allowed to cancel but revoked their proposed cancelation. Defendants admit the rest of the paragraph

31.

Defendants deny paragraph 75, specifically that US Pro insisted that the Plaintiff's remain on the phone and not to read the "Binding Moving Estimate" before directing payment of $500.00 to US Pro. Additionally, Defendants deny that the electronic signing method was used to deprive the Plaintiff of a chance to read the contract; US Pro's electronic signing method acts to benefit their clients who would like an electronic copy to read thoroughly prior to signature.

32.

Defendants deny in part paragraph 76, that plaintiffs were coerced to electronically sign only after getting off of the phone, but admit the rest of the paragraph

33.

Defendant does not have requisite information to admit or deny anything regarding the items that were yet to be delivered but admit the rest of paragraph 77.

**A. D United Federally Mandated Forms:**

34.

Defendants do not have requisite information to admit or deny paragraphs 78-82 and therefore deny same.

///

35.

Defendants deny paragraph 83 in part, specifically that Plaintiff's signed under coercion, but admit the remainder of the paragraph

36.

Defendants do not have requisite information to admit or deny paragraphs 84-86, and therefore deny same.

37.

Defendants admit in part paragraph 87, that the terms were higher than those specified in US Pro's November 18, 2020 "Binding Moving Estimate", but do not have requisite information to admit or deny the rest of the paragraph, and therefore deny same.

38.

Defendants do not have the requisite information to admit or deny paragraphs 88 and 89, and therefore deny same.

**B. Non-Compliance of Both Defendants re Insurance and high Value Items:**

39.

Defendants admit in part paragraph 90, that Plaintiffs called US Pro on November 17, 2020, but deny that US Pro dismissed Plaintiffs' effort to buy insurance. Defendants do not have the requisite information to admit or deny the portion relating to D United providing opportunity for insurance.

40.

Defendants admit to paragraph 91**.**

41.

Defendants do not have requisite information to admit or deny paragraphs 92-97, and therefore deny same.

**VI. SPECIFIC FACTUAL BACKGROUND TO RICO CLAIM**

**A. The Enterprise:**

42.

Defendants admit paragraph 98.

43.

Defendants deny in part paragraph 99, that Defendants John Doe and Jane Roe acted for Southeast Holding and/or US Pro, or that Southeast or US Pro are part of a criminal enterprise. Defendants do not have requisite information to admit or deny the remainder of the paragraph.

44.

Defendants admit paragraph 100-103

45.

Defendants deny paragraphs 104**,** specifically that US Pro, Southeast Holding, Bernard Brickel, or Rudolph Rice engaged in the predicate acts of wire fraud, theft, or extortion/robbery when requiring Plaintiffs to use the internet to affix an electronic signature to a federal document.

46.

Defendants admit paragraph 105

47.

Defendants deny paragraph 106 in part, that Plaintiffs suffered loss as a result of "the Enterprise's" racketeering activity, but do not have requisite information to admit or deny the remainder of the paragraph

**B. Wire Fraud:**

48.

Defendants deny paragraph 107, that US Pro executed a scheme to induce Plaintiff's to enter into contracts for brokerage and interstate shipping services by falsely promising and misrepresenting that the cost of their move was guaranteed "not to exceed" the stated price. Defendant US Pro had the ability to change the estimated guarantee if US Pro was not provided with an accurate description of the services to be performed.

49.

Defendants deny paragraph 108 in its entirety. US Pro did not act on any "scheme" with fellow defendants by use of wire communication described in the paragraph.

///

50.

Defendants do not have the requisite information to admit or deny paragraph 109, and therefore deny same.

51.

Defendants deny paragraphs 110 and 111, specifically that US Pro had specific intent to defraud Plaintiffs, and that Plaintiff's losses were a result of any wire fraud.

**C. Theft from Interstate Shipment:**

52.

Defendants do not have the requisite information to admit or deny paragraphs 112 and 113, and therefore deny same.

**D. Extortion/Theft**

53.

Defendants deny paragraph 114, specifically that US Pro induced the plaintiff's to contract with D United by giving them a "not to exceed" estimate that was dependent on the plaintiffs giving accurate information, and that US Pro made any false statements regarding the nature, expertise, and price of the service. US Pro was not given accurate estimates of the Plaintiff's needs at no fault to any of the plaintiffs named in this response.

54.

Defendants do not have the requisite information to admit or deny paragraphs 115 and 116, and therefore deny same.

55.

Defendants deny paragraph 117**,** specifically that the acts of US Pro affected or attempted to affect interstate commerce by extorting from the Plaintiff's more than what was in the "not to exceed" clause. Likewise, US Pro denies that they used wrongful use of threatening force, or any use of threatening force, towards the Plaintiffs.

///

///

///

**E. Pattern of Racketeering Activity and Continuing Enterprise**

56.

Defendants denies paragraphs 118-121 in their entirety. That there is an Enterprise at all, that there was wire fraud committed or any other predicate acts, and that any Defendant is engaged in an ongoing pattern of criminal an illegal conduct. However, Defendants do not deny any of the records shown from the Better Business Bureau

**PLAINTIFFS FEDERAL CLAIMS FOR RELIEF**

**I. Direct Right of Action**

57.

Defendants admit paragraph 123.

58.

Defendants admit in part paragraphs 124, that US Pro failed to disclose to potential shippers a list of all authorized household goods motor carriers the broker uses, including their U.S. DOT registration number and MC License numbers. However, US Pro did deliver the DOT registration number for D United in the initial contract with the client.

59.

Defendants admit paragraph 125 in part, but deny that US Pro failed to base its estimate upon the published tariffs of the authorized motor carrier who will transport the shipper's household goods.

60.

Defendants admit in part paragraph 126, but deny that US Pro failed to meet the requirements of 49 CFR 371.115

**A. Statutory and Regulatory Violations by Mover D United**

61.

Defendants do not have the requisite information to admit or deny paragraphs 127-144, and therefore deny same.

///

///

62.

Defendants deny paragraph 145 and claim that any possible damages sustained by the plaintiffs were **not a result** of an act or omission of the broker in violation of 49 U.S.C. 14704(a)(2). Plaintiffs have failed to disclose any act or omission by any of the defendants listed in this response that could have been the legal cause for the damages suggested by the Plaintiffs.

63.

Defendants admit paragraphs 146-148**.**

**B. Direct Right of Action Against Mover D United.**

64.

Defendants do not have the requisite information to admit or deny paragraph 149-154, and therefore deny same.

**II. Carmack Amendment to The Interstate Commerce Act 49 U.S.C. 14706 Et Seq.**

65.

Defendants admit paragraphs 155-158

66.

Defendants do not have the requisite information to admit or deny paragraphs 159-162, and therefore deny same.

67.

Defendants deny paragraphs 163 and 164. Defendant US Pro is a "broker" per the Carmack Statutory definition and had no actual legal obligation to move the property of the plaintiffs. 49 USCS 14706(a) clearly states that "*That **carrier and any other carrier** that delivers the property… are liable to the person entitled to recover under the receipt or bill of lading*." Defendant US Pro therefor is not liable to the plaintiffs for any damages the plaintiffs may have suffered as a result because it was a broker not charged with moving any of the Plaintiffs item such to make them a "carrier" under the Carmack Amendment.

///

///

///

68.

Defendants do not have the requisite information to admit or deny paragraphs 165 and 166, and therefore deny same.

69.

Defendants deny paragraph 167. There has been no evidence shown to prove that US Pro's actions or omissions resulted in the plaintiff's loss of property. As such

**III. Racketeer Influenced and Corrupt Organizations Act 18 U.S.C 1962 Et Seq.**

70.

Defendants deny in part paragraph 169 and 170, that the Defendant's listed are an "Enterprise", that Defendants US Pro, Anthem, and Southeast Holding at all relevant times were capable of holding and/or affecting a possessory legal or beneficial interest in the Plaintiff's property. Defendants admit the remainder of paragraphs 169 and 170.

71.

Defendants deny paragraphs 171-177 in their entirety. Specifically, that all defendants participated in the operations and/or management of the "Enterprise", that all defendants engaged in various acts of racketeering, including violation of 18 U.S.C. 1343, 18 U.S.C. 659, and 18 U.S.C. 1951, and that any defendant intentionally violated any part of the Carmack Amendment

72.

Defendants do not have the requisite information to admit or deny paragraph 177, and therefore deny same.

73.

Defendants deny paragraphs 178-181, that defendants conspired to violated 18 U.S.C. 1962(c), that defendants agreed that someone within the "Enterprise" would commit at least two predicate acts, and that any loss by the Plaintiff's was due to any acts of the defendants listed in this response, and that Plaintiffs are entitled to treble damages plus attorney's fees.

///

///

**IV. Non-Preempted Negligent Hiring Against Us Pro, Anthem Claims, Southeast Holding And Lewis Under State Law Causing Personal Injury/Severe Emotional Distress**

74.

Defendants admits paragraphs 183 and 184.

75.

Defendants deny paragraph 185**,** specifically, that US Pro and Southeast Holding knew or should have known from review of the DOT published complaint data, that D United could not be trusted to transport or deliver valuable property or to otherwise complete the move of Plaintiff's property in a lawful manner.

76**.**

Defendants do not have the requisite information to admit or deny paragraphs 186-189, and therefore deny same.

**V. Non-Preempted Conversion by D United and The Kleins Under State Law**

77.

Defendants do not have the requisite information to admit or deny paragraphs 190-198, and therefore deny same.

**AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

78.

All of the above is incorporated herein.

79.

Plaintiffs failed to mitigate damages incurred to them, and the Defendants are not liable for the damages that could have been mitigated by the Plaintiffs. The Plaintiffs knew that the estimate by US Pro would be based their "not to exceed" estimate on the Plaintiffs needs for the move at hand. Because the Plaintiffs did not accurately describe their needs to the broker, the "not to exceed estimate" was not a binding estimate and could be changed by US Pro to account for the needs of the clients and the mover. Likewise, the Plaintiffs became hesitant to work with

D United early in their interactions, but still chose to have D United move their household goods because the Plaintiffs did not want to wait any longer for another mover to become available.

**COUNTERCLAIM**

**(No Objectively Reasonable Basis for Asserting Claim: ORS 20.105(1))**

80.

All of the above is incorporated herein.

81.

The Plaintiffs have presented no sufficient evidence such to support an objectively reasonable conclusion that the Defendants were acting as an "Enterprise" and were acting in concert such to justify a Civil RICO claim; which are only to be applied to organized long-term criminal activity, and should not be applied to ordinary business disputes such as the case at hand.

82.

Because the Plaintiffs have no presented sufficient evidence to support an objectively reasonable conclusion that the Defendants acted as an "Enterprise" or that there is a "culpable person" who actually committed the RICO violation or conspired to do so, Defendants should be awarded their prevailing attorney fees.

**PRAYER FOR RELIEF**

**WHEREFORE,** the Defendants US Pro Moving, LLC; Southeast Holdings, LLC; Rudolph Rice; and Bernard Brickel, having responded to each allegation contained within the Plaintiff's Second Amended Complaint, pray that the court:

1. Dismiss the complaints against Defendants;
2. Award the Defendants prevailing attorney fees;
3. Award of such other relief that the court may deem reasonable.

**CERTIFICATE OF SERVICE**

I hereby certified that on this 7th day of October, 2022 I served the foregoing on:

Thad M. Guyer
TM Guyer and Ayers & Friends, PC
116 Mistletoe Street
Medford, OR 97501

by mailing said attorney/individual a true copy thereof, contained in a sealed envelope, with postage paid, addressed to said attorney/individual at their last known address and deposited in the post office on said day in Grants Pass, Oregon.

**DATED** this 7th day of October, 2022.

CAUBLE & WHITTINGTON, LLP

***/s/ Christopher L. Cauble***
Christopher L. Cauble, OSB #962374
ccauble@thecaublefirm.com
111 SE Sixth St.
Grants Pass, OR 97526
Telephone: (541) 476-8825
Facsimile: (541) 471-1704

*Of Attorneys for Defendants*