IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION


FRED MARTI; LINDA MARTI,                           Civ. No. 1:21-cv-0471-AA

                Plaintiffs,                    **OPINION & ORDER**

      v.

U.S. PRO MOVING AND LOGISTICS, LLC;
D UNITED LOGISTIC MOVING & STORAGE,
INC.; JOHN DOE; JANE ROE; ATHEM CLAIM
MANAGEMENT, LLC; JOSHUA I. LEWIS;
SOUTHEAST HOLDING, LLC; JOE D. KLEIN;
BRURIA CRURIA FARRAN-KLEIN; SOUTHEAST
HOLDINGS, LLC; RUDOLPH LOGAN RICE;
BERNARD M. BRICKEL,

                Defendants.
_____

AIKEN, District Judge.

      This matter comes before the Court on a Motion to Strike filed by Plaintiffs.

ECF No. 37. Plaintiffs seek to strike Defendant U.S. Pro Moving and Logistics, LLC

("US Pro")'s inclusion in a multi-defendant Answer filed by Defendants US Pro,

Southeast Holding LLC, Rudolph Logan Rice, and Bernard M. Brickel. ECF No. 36.

US Pro has not responded to the Motion. The Court concludes that this matter is

suitable for resolution without oral argument. For the reasons set forth below, the

Motion is GRANTED.

## DISCUSSION

US Pro was served with the summons and complaint in this case on April 1, 2021 and failed to timely appear. On July 23, 21, Plaintiffs moved for entry of default against US Pro, which was granted and a Clerk's Entry of Default was entered as to US Pro on July 26, 2021. ECF Nos. 11, 12, 13. Despite the entry of default, US Pro was included in a multi-defendant Answer filed more than a year later, on October 7, 2022. ECF No. 36.

On January 20, 2023, Plaintiffs' counsel contacted counsel for US Pro and offered to stipulate to vacate the default of US Pro but received no response. Pl. Mot. Ex. C. On January 25, 2023, Plaintiffs' counsel contacted counsel for US Pro and notified them that, unless a stipulation could be reached, Plaintiffs would move to strike US Pro's inclusion in the Answer. *Id.* Plaintiffs' counsel received no response and the present motion followed.

The Court granted a stipulated extension of time for US Pro to respond to the Motion to Strike. ECF Nos. 38, 39. A week before the deadline for US Pro's response to the motion to strike, US Pro's attorneys filed a motion to withdraw as counsel for US Pro. ECF No. 40. The motion to withdraw was opposed by Plaintiffs and, after hearing oral argument on the motion, the Court granted counsel's motion to withdraw. ECF Nos. 44, 46, 48, 49. US Pro is presently unrepresented.

Plaintiffs seek to strike US Pro's inclusion in the multi-defendant Answer on the ground that US Pro has been defaulted and has not sought relief from the default prior to filing the untimely Answer.

Obtaining a default judgment is a two-step procedure.  Rule 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Second, after default is properly entered, a party seeking relief other than a sum certain must apply to the Court for a default judgment.  Fed. R. Civ. P. 55(b).

Here, because US Pro has filed an Answer, Plaintiffs cannot seek default judgment until the Answer is stricken.  As noted, US Pro remains unrepresented despite having been provided with ample opportunity by the Court to secure replacement counsel both before and after the Court granted prior counsel's motion to withdraw.  "It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney."  *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) (internal quotation marks and citation omitted).  This is reflected in the Local Rules of this District.  *See* LR 83-9(b) ("Unless otherwise specifically provided by law or Court order, a corporation may appear or act only through an attorney.").  In the Ninth Circuit, "when a corporation fails to retain counsel to represent it in an action, its answer may be stricken and a default judgment entered against it."  *Osgood v. Main Streat Marketing, LLC*, CASE NO. 16cv2415-GPC(BGS), 2017 WL 3194460, at *2 (S.D. Cal. July 27, 2017) (citing *Employee Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993 (9th Cir. 2007)); *see also Rojas v. Hawgs Seafood Bar, Inc.*, No. C08-03819 JF (PVT), 2009 WL 1255538, at *1 (N.D. Cal. May 5, 2009) (holding same); *Oracle Am., Inc. v. Service Key, LLC*, No. C

12-00790 SBA, 2013 WL 1195620, at *2 (N.D. Cal. Mar. 22, 2013) (granting a motion to withdraw as counsel, but notifying the unrepresented corporate defendant that if substitute counsel did not appear before a set date, then its answer would be stricken and default would be entered against the corporate defendant).

Here, separate and apart from the fact that US Pro filed its Answer without first seeking to set aside its default, US Pro is an unrepresented corporate defendant. As noted, US Pro has failed to secure substitute counsel despite being provided with the opportunity to do so. The Court therefore GRANTS Plaintiffs' Motion. US Pro's inclusion in the multi-defendant Answer is stricken and US Pro remains defaulted.

## CONCLUSION

Plaintiffs' Motion to Strike, ECF No. 37, is GRANTED. The Court STRIKES Defendant U.S. Pro Moving and Logistics, LLC's inclusion in the Answer. ECF No. 36. Defendant U.S. Pro Moving and Logistics, LLC remains defaulted.

It is so ORDERED and DATED this ____24th____ day of July 2023.

 /s/Ann Aiken
ANN AIKEN
United States District Judge