IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| FRED MARTI; LINDA MARTI, | Civ. No. 1:21-cv-0471-AA |
| Plaintiffs, | **OPINION & ORDER** |
| v. | |
| U.S. PRO MOVING AND LOGISTICS, LLC; D UNITED LOGISTIC MOVING & STORAGE, INC.; JOHN DOE; JANE ROE; ANTHEM CLAIM MANAGEMENT, LLC; JOSHUA I. LEWIS; SOUTHEAST HOLDING LLC; JOE D. KLEIN; BRURIA CRURIA FARRAN-KLEIN; RUDOLPH LOGAN RICE; BERNARD M. BRICKEL; CHARLES GORDON ABRAMS, | |
| Defendants. | |

AIKEN, District Judge.

This matter comes before the Court on Motions to Dismiss filed by Defendant Bernard M. Brickel, ECF No. 75, and by Defendant Rudolf Logan Rice, ECF No. 76. For the reasons set forth below, the Motions are GRANTED and the Third Amended Complaint is DISMISSED with leave to amend.

### LEGAL STANDARD

I.  **Motion to Dismiss**

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id.*

## II.   Pleading Standard for Claims of Fraud

Federal Rule of Civil Procedure 9 provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," while "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The increased particularity requirements of Rule 9(b) apply when a complaint "sounds in fraud." *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009). "To ascertain whether a complaint 'sounds in fraud,'" court must "determine, after a close examination of the language and structure of the complaint, whether the complaint alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim." *Id.* (internal quotation marks and citation omitted, alterations normalized); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) ("Where,

as here, the averments of the in the complaint necessarily describe fraudulent conduct, Rule 9(b) applies to those averments.").

To satisfy the requirements of Rule 9(b), allegations constituting the alleged fraud must "be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong."  *Vess*, 317 F.3d at 1106 (internal quotation marks and citation omitted, alterations normalized).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  *Id.* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

## BACKGROUND

Plaintiffs Fred and Linda Marti sold their home in Central Point, Oregon in late 2020.  Third Am. Compl. ("TAC") ¶ 16.  ECF No. 72.  Following the sale of their home, Plaintiffs planned to relocate.  In October 2020, Plaintiffs contracted with Defendant U.S. Pro Moving and Logistics LLC ("US Pro") as a "full service" moving broker to contract with a licensed mover to perform Plaintiffs' move.  *Id.* at ¶¶ 16-20.  The mover contracted by US Pro to perform the move was Defendant D United Logistics Moving & Storage, Inc. ("D United").  *Id.* at ¶ 21.

US Pro was contracted to deal with D United on behalf of Plaintiffs but "abandoned Plaintiffs' needs and directed them to deal with D United themselves."  TAC ¶¶ 25, 27.  Plaintiffs' experience in dealing with the D United movers was extremely negative and included late arrivals, falsely imposed fees, damaged goods, extortion, and the theft of Plaintiff's possessions.  TAC ¶¶ 28-56.

Defendant Rudolph Logan Rice is alleged to be "an owner and/or principal and/or undisclosed agent" of US Pro. TAC ¶ 8. Plaintiffs allege that Rice "aided, abetted, and/or participated in the concealment of the crime of theft of property against Plaintiffs" and that Rice "aided, abetted and/or conspired" to conceal the identities of other owners and principals of US Pro "and/or" Defendant Southeast Holding LLC. *Id.*

Defendant Bernard M. Brickel is alleged to be "a principal and/or undisclosed agent" of US Pro and D United. TAC ¶ 9. Brickel is alleged to have "aided, abetted and/or conspired" with US Pro and D United "and/or with other defendants to conceal the identities of other owners and principals of said companies" by refusing to provide information to Plaintiffs' counsel "on the stated basis that he is not authorized to do so." *Id.*

## JUDICIAL NOTICE AND INCORPORATION BY REFERENCE

Plaintiffs urge the Court to take consider the pleadings in *Office of the Attorney General, State of Florida v. Gold Standard Moving and Storage LLC et al.*, CACE-22-017919 (Fla. Cir. Ct., filed December 8, 2022) (the "Florida Complaint") under the doctrine of incorporation by reference. Pl. Resp. to Rice Mt. 9, ECF No. 81; Pl. Resp. to Brickel Mt. 10, ECF No. 82. Plaintiffs also ask the Court to take judicial notice of the Florida Complaint and the Florida state court order denying Rice's motion to dismiss. Pl. Rice Resp. 9 n.2. Plaintiffs assert that the incorporation of the Florida Complaint will serve to remedy any deficiencies in the TAC.

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). There are limited exceptions to this rule, such as the doctrines of judicial notice and incorporation by reference.

## I.     Incorporation by Reference

Incorporation by reference "is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The doctrine is normally invoked by defendants to prevent plaintiffs "from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* Normally, this doctrine permits a defendant "to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." *Id.* (internal quotation marks and citation omitted).

As noted, incorporation by reference is usually invoked by defendants as a protection against artful and selective quotations in a pleading. Here, the Court is placed in the unusual position of being asked to incorporate another complaint, itself only allegations, by *Plaintiffs*, who might simply have included any necessary information from the Florida Complaint in their pleadings in the first place.[1] Nevertheless, the Court will examine the Florida Complaint to assess its suitability for incorporation by reference.

---

[1] Plaintiffs did not supply the Court with a copy of the Florida Complaint. The Court retrieved a copy from the website of the Broward County Clerk.

Here, the TAC alleges that several Defendants, including Rice, are named as defendants in the Florida Complaint. TAC ¶ 11.

> In the main, the enterprise activities, predicate acts, and patter[n]s and practices alleged against Defendants Rice, Abrams, US Moving Pro and Southeast Holding and Daniel J. Metz, by the State of Florida Attorney General are the same or highly similar to those alleged by Plaintiffs. However, the causes of action and claims for relief in the Florida civil action are brought under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et seq., a claim not plead[ed] in this complaint. Plaintiffs have intervened in said Florida action seeking declaratory and equitable relief.

TAC ¶ 11.

As relevant to the present motion, the Florida Complaint alleges that Defendants Rice, Daniel J. Metz, Charles Gordon Abrams, US Pro, and Southeast Holding LLC, as well as other Defendants, have operated moving brokerage companies, "holding themselves out to consumers as movers when in fact they are mere brokers that do not conduct moves." Fl. Compl. ¶ 2. The Florida Complaint alleges that the defendants "violate federal law governing moving brokers by misrepresenting their operations to be that of a carrier and failing to identify the actual moving carrier (the 'mover') who will be responsible for the consumer's move prior to securing the consumer's large up-front deposit." *Id.* at ¶ 3.

The Florida Complaint alleges that Southeast Holding LLC "acts as a managing member of US Pro through Individual Defendant Rice." Fl. Compl. ¶ 37. The Florida Complaint also alleges that Rice "is or has been the officer, director, owner, or manager of numerous entities affiliated with the Gold Standard Enterprise, including but not limited to US Pro" and "is also a manager for

Southeast Holding, the managing company for Gold Standard Enterprise member[ ] US Pro." *Id.* at ¶ 87. "At all material times hereto, Defendant Rice, whether acting alone or in concert with others, controlled, had the authority to control, and directly participated in the acts and practices of the Gold Standard Enterprise set forth in this complaint," and Rice "is involved in the day-to-day operations of the Gold Standard Enterprise." *Id.* at ¶¶ 88-89.

As noted, a key aspect of the claims in the Florida Complaint is that the defendants held themselves out as movers when they were, in fact, the brokers and that "consumers typically only discover that [the defendants are] not going to handle their move when a completely different moving company shows up on pick-up day." Fl. Compl. ¶¶ 92-97. The Florida Attorney General brought claims against the relevant Defendants under the Florida Deceptive and Unfair Trade Practices Act. *Id.* at ¶¶ 168-92, 243-67.

Here, by contrast, the TAC plainly alleges that Plaintiffs were aware that US Pro was the broker and would be contracting with the mover. *See, e.g.,* TAC ¶ 19 ("US Pro held itself out as a moving broker that would 'advocate on behalf of the client since we are their interstate coordinator.'"). Nor do Plaintiffs bring the same claims as those alleged in the Florida Complaint. To the extent that there are any allegations in the Florida Complaint relevant to the present motions, they are that Rice was in control of US Pro, but that allegation already appears in the TAC. *See* TAC ¶ 8 ("Rudolph Logan Rice is an owner and/or principal and/or undisclosed agent of the defendant U.S. Moving Pro and Logistics LLC.").

At most, it may be said that that the TAC references the existence of the Florida Complaint and alludes to its contents, but the Florida Complaint does not form the basis of Plaintiffs' claims. The Court concludes that the Florida Complaint is not a proper subject for incorporation by reference.

## II.     Judicial Notice

Judicial notice under Federal Rule of Evidence 201 permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute if it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonable be questioned." Fed. R. Evid. 201(b)(1)-(2).

Accordingly, "a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment," but "a court cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999 (internal quotation marks and citation omitted, alterations normalized). Here, Plaintiffs ask that the Court take "take judicial notice of these proceedings [the Florida litigation], the Attorney General's civil consumer fraud complaint and the order denying Rice's motion to dismiss." Pl. Resp. to Rice Mot. 9 n2.

Here, Court may take judicial notice of the existence of the Florida litigation, the Florida Complaint, and the Florida court's order denying Rice's motion to dismiss in the Florida action, but the contents of those documents, particularly of the Florida Complaint, are not properly the subject of judicial notice.

## DISCUSSION

Plaintiffs bring claims (i) under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, *et seq.* (Claims 1 and 2); (ii) a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("RICO") (Claim 3); (iii) negligent hiring (Claim 4); and (iv) conversion (Claim 5). Of these claims, it appears that only Claim 3, the RICO claim, is squarely alleged against Rice and Brickel.[2] Rice and Brickel have moved to dismiss the claims against them, arguing that the claims do not meet the fraud pleading standards under Rule 9 and, in the alternative, that Plaintiffs have not established standing to sue either Rice or Brickel.

Plaintiffs' RICO claim alleges that "[i]n violation of 19 U.S.C. § 1962(c), all defendants and unnamed participants engaged in various acts of racketeering including, but not necessarily limited to wire fraud in violation of 18 U.S.C. § 1343, theft from an interstate shipment in violation of 18 U.S.C. § 659, [and] extortion in violation of 18 U.S.C. § 1951." TAC ¶ 174.

"18 U.S.C. § 1964(c) allows for a private civil action to be brought by any person injured in his business or property by reason of a RICO violation." *Global Master Int'l Grp., Inc. v. Esmond Natural, Inc.*, 76 F.4th 1266, 1271 (9th Cir. 2023) (internal quotation marks omitted, alterations normalized). "The required elements of a RICO private action are: (1) conduct (2) of an enterprise (3) through a pattern (4) of

---

[2] The TAC is not entirely clear on this point and Defendants have moved to dismiss all other claims to the extent that they are pleaded against them. Plaintiffs have not responded to this aspect of Rice and Brickels' Motions and appear to concede that only the RICO claim is alleged against those Defendants.

racketeering activity (known as 'predicate acts') (6) causing injury to plaintiff's business or property." *Id.* (internal quotation marks and citation omitted).

A party may not be held liable under § 1962(c) unless that party "participated in the operation or management of the enterprise itself." *Reeves v. Ernst & Young*, 507 U.S. 170, 184-85 (1993). It is not enough to show that a party was "part of the enterprise"—the plaintiff must show that they had "some part in directing its affairs." *Walters v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008) (internal quotation marks and citation omitted).

Because Plaintiffs' RICO claim sounds in fraud, it must satisfy the heightened pleading standards of Rule 9. *See Bojorquez v. Wells Fargo Bank, NA*, No. 6:12-xc-02077-AA, 2013 WL 6055258, at *4 (D. Or. Nov. 7, 2013) ("RICO claims that include allegations of fraudulent activities as predicate acts of racketeering must be pled with particularity under Fed. R. Civ. P. 9(b).").

In meeting those heighted standards, plaintiffs are not permitted to simply lump all defendants together. In *Mostowfi v. i2 Telecom Int'l, Inc.*, 269 Fed. App'x 621 (9th Cir. 2008), the Ninth Circuit considered a case which the plaintiffs failed to meet the pleading standards under Rule 9 "because the plaintiffs lump together the defendants without identifying the particular acts or omissions that each defendant committed." *Id.* at 624. As in the present case, the *Mostowfi* plaintiffs alleged that several of the predicate acts were violations of federal criminal statutes, but did not "specify who committed the violation, and when and where it occurred." *Id.* The

Ninth Circuit concluded that this fell short of the heightened pleading standards under Rule 9 and affirmed the district court dismissal of the complaint. *Id.* at 625.

Here, Plaintiffs acknowledge that their allegations concerning Brickel and Rice are limited. Brickel and Rice are each mentioned by name only a handful of times in the TAC. With respect to Rice, Plaintiffs allege:

> Rudolph Logan Rice is an owner and/or principal and/or undisclosed agent of the defendant U.S. Moving Pro and Logistics, LLC. He aided, abetted, and/or participated in the concealment of the crime of theft of property against Plaintiffs, and/or has aided, abetted and/or conspired with defendants U.S. Moving Pro and/or Southeast Holding LLC (a Delaware corporation) to conceal the identities of other owners and principals of said company or companies for the purposes of preventing consumers like Plaintiffs from enforcing their rights under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 et seq. but instead operates to deny consumers their statutory rights thereunder.

TAC ¶ 8.

Plaintiffs make allegations in which Rice is lumped together with other defendants, TAC ¶¶ 100-05, 120-123, and that Rice acted with the "specific intent to defraud Plaintiffs." TAC ¶ 112. Many of these allegations are conclusory, in addition to being vague. *See, e.g.,* TAC ¶ 123 ("Each member of the Enterprise has agreed that someone within the Enterprise would commit at least two predicate acts to accomplish the goals of the Enterprise.").

As to Brickel, Plaintiffs' allegations are even more slender, alleging:

> Bernard M. Brickel is a principal and/or undisclosed agent of the defendant U.S. Moving Pro and Logistics, LLC and D United Logistics Moving & Storage, Inc. He has repeatedly contacted Plaintiff's counsel on behalf of both defendants, claims he does legal work for them, but refuses to provide further information on the stated basis that he is not authorized to do so. In doing so, he has aided, abetted and/or conspired

with defendants U.S. Moving Pro and/or D United Logistics Moving & Storage, Inc. and/or with other defendants to conceal the identities of other owners and principals of said companies for the purposes of preventing consumers like Plaintiff from enforcing their rights under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 et seq. but instead operates to deny consumers their statutory rights thereunder.

TAC ¶ 9.

The TAC alleges that Defendant Southeast Holding aided and/or abetted and or conspired with Brickel "to conceal the identities of other owners and principals of US Pro." TAC ¶ 5. Finally, the TAC alleges that Defendant Charles Gordon Abrams "directed" Brickel "to handle the disclosures of fraud and wrongdoing by US Moving Pro and move[r]s (e.g. D United) made by aggrieved consumers such as Plaintiffs." *Id.* at ¶ 10.

Plaintiffs' allegations concerning Rice and especially Brickel fall well short of the heightened requirements of Rule 9. At most, Plaintiffs allege that Rice is an owner of US Pro but there are no further substantive allegations concerning Rice's specific role in the alleged enterprise. The allegations concerning Brickel are even less substantial—at most they allege that Brickel worked for US Pro and/or D United in some capacity and that he refused to provide Plaintiffs' counsel with information because he was not authorized to do so. The other allegations improperly lump all defendants together without giving the essential who, what, where, when, and how for the specific defendants. As the Ninth Circuit held in *Mostowfi*, this falls well short of the pleading requirements of Rule 9.

The Court will therefore GRANT Defendants' Motions and the claims against Rice and Brickel are dismissed. Plaintiffs urge that dismissal be without prejudice, asserting that they have taken a number of depositions which supplied them with additional information. Federal Rule of Civil Procedure 15(a)(2) governs amendments and provides that courts "should freely give leave when justice so requires." "In general, a court should liberally allow a party to amend its pleadings." *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). However, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) (alterations in the original). Here, the Court notes that Plaintiffs do not describe the additional information they have acquired, nor do they state how it will repair the deficiencies in the Complaint, which raises the specter of futility. The Court also notes that Plaintiffs have repeatedly amended their pleadings and are seeking leave to file a fourth amended complaint, which also weighs against leave to amend.

Nevertheless, the Court will allow one further opportunity to amend the complaint. In drafting the fourth amended complaint, Plaintiffs should take care to ensure that their pleadings meet the heightened requirements of Rule 9 with respect

to the individual defendants and should not improperly lump defendants together. In granting the Motions to Dismiss, the Court did not reach Defendants' alternative argument concerning Plaintiffs' standing, but Plaintiffs should ensure that their amended pleading makes the necessary jurisdictional showings as well. The Court will not permit further amendment of the complaint without a showing of good cause.

## CONCLUSION

The Motions to Dismiss filed by Defendant Brickel, ECF No. 75, and by Defendant Rice, ECF No. 76, are GRANTED and the Third Amended Complaint, ECF No. 72, is DISMISSED. Dismissal is with leave to amend. Plaintiffs shall have fourteen (14) days from the date of this Order in which to file their fourth amended complaint. Plaintiffs are advised that no further leave to amend will be allowed in this case without a showing of good cause. The parties are directed to appear at a telephonic status conference in this case at 10:00 a.m. on March 27, 2025. The telephone number for the conference is 571-353-2301; Conference ID: 902352749#; Access Code: 2022#.

It is so ORDERED and DATED this ___24th___ day of March 2025.

/s/Ann Aiken
ANN AIKEN
United States District Judge