IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

FRED MARTI; LINDA MARTI,                          Civ. No. 1:21-cv-00471-AA

                    Plaintiffs,                          **OPINION & ORDER**

      v.

U.S. PRO MOVING AND LOGISTICS, LLC;
D UNITED LOGISTIC MOVING & STORAGE,
INC.; ANTHEM CLAIM MANAGEMENT, LLC;
SOUTHEAST HOLDING LLC; JOE D. KLEIN;
BRURIA CRURIA FARRAN-KLEIN; JOSHUA
I. LEWIS; RUDOLF LOGAN RICE; CHARLES
GORDON ABRAMS; JOHN DOE; JANE ROE,

                Defendants.

———————————————————————

AIKEN, District Judge.

      This matter comes before the Court on a Motion to Dismiss the Fourth Amended Complaint ("4AC"), ECF No. 106, and a Motion for Imposition of Sanctions, ECF No. 97, both filed by Defendant Rudolf Logan Rice. The Court concludes that these motions are suitable for resolution without oral argument. For the reasons set forth below, the motions are GRANTED. The claims against Defendant Rice are DISMISSED with prejudice and Plaintiffs' counsel Thad M. Guyer is admonished for his conduct in the prosecution of Plaintiffs' claims against Rice.

# LEGAL STANDARD

## I.     Motion to Dismiss

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78.  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  *Id.* at 678 (internal quotation marks and citation omitted, alterations normalized).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id.*

## II.     Pleading Standard for Claims of Fraud

Federal Rule of Civil Procedure 9 provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake," while "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  The increased particularity requirements of Rule 9(b) apply when a complaint "sounds in fraud." *Rubke v. Capitol*

*Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009). "To ascertain whether a complaint 'sounds in fraud,'" the court must "determine, after a close examination of the language and structure of the complaint, whether the complaint alleges a unified course of fraudulent conduct and relies entirely on that course of conduct as the basis of a claim." *Id.* (internal quotation marks and citation omitted, alterations normalized); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) ("Where, as here, the averments in the complaint necessarily describe fraudulent conduct, Rule 9(b) applies to those averments."). In addition, where "the entire complaint against a particular defendant alleges a unified course of fraudulent conduct, it is 'grounded in fraud,' and Rule 9(b) applies to the whole of that complaint." *Vess*, 317 F.3d at 1109. "Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud (even if the word 'fraud' is not used)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (internal quotation marks and citation omitted).

To satisfy the requirements of Rule 9(b), allegations constituting the alleged fraud must "be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106 (internal quotation marks and citation omitted, alterations normalized). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

## BACKGROUND

Plaintiffs Fred and Linda Marti sold their home in Central Point, Oregon in late 2020. Fourth Am. Compl. ("4AC") ¶ 17. ECF No. 100. Following the sale of their home, Plaintiffs planned to relocate. In October 2020, Plaintiffs contracted with Defendant U.S. Pro Moving and Logistics LLC ("US Pro") as a "full service" moving broker to contract with a licensed mover to perform Plaintiffs' move. *Id.* at ¶¶ 17-22. The mover contracted by US Pro to perform the move was Defendant D United Logistics Moving & Storage, Inc. ("D United"). *Id.* at ¶ 22.

US Pro was contracted to deal with D United on behalf of Plaintiffs but "abandoned Plaintiffs' needs and directed them to deal with D United themselves." 4AC ¶ 28. Plaintiffs' experience in dealing with the D United movers was extremely negative and included late arrivals, falsely imposed fees, damaged goods, extortion, and the theft of Plaintiffs' possessions. *Id.* at ¶¶ 29-57.

Defendant Rudolf Logan Rice is alleged to be "an owner and/or principal and/or undisclosed agent" of U.S. Pro. 4AC ¶ 8. Plaintiffs allege that Rice "aided, abetted, and/or participated in the concealment of the crime of theft of property against Plaintiffs, and/or has aided, abetted, and/or conspired" with U.S. Pro "and/or" Southeast Holding, LLC ("Southeast") "to conceal the identities of other owners and principals of said company or companies for the purpose of preventing consumers like Plaintiffs from enforcing their rights under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 et seq." *Id.*

On March 25, 2025, the Court granted motions to dismiss the Third Amended Complaint ("TAC") filed by Rice and former defendant Bernard Brickel.[1] ECF No. 95. In dismissing the TAC, the Court noted that Plaintiffs' allegations concerning Rice were vague, conclusory, and "improperly lump all defendants together without giving the essential who, what, where, when, and how for the specific defendants," and that it fell "well short of the pleading requirements of Rule 9." March 2025 Opinion & Order ("O&O"), at 12. ECF No. 95. Most of the remaining Defendants have been defaulted.

## DISCUSSION

Plaintiffs bring claims (i) under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, *et seq.* (Claims 1 and 2); (ii) a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("RICO") (Claim 3); (iii) negligent hiring (Claim 4); and (iv) conversion (Claim 5).

## I.   RICO Claim

As with the Third Amended Complaint ("TAC"), it appears that only the RICO claim is squarely alleged against Rice.[2] Rice has moved to dismiss the claims against him, arguing that the claims do not meet the fraud pleading standards under Rule 9 and, in the alternative, that Plaintiffs have not established standing to sue Rice.

---

[1] Bernard Brickel does not appear in the caption of the Fourth Amended Complaint and, from this, the Court infers that he is no longer a Defendant in this action. Brickel is intermittently and inconsistently identified as a defendant in the body of the Fourth Amended Complaint, *see, e.g.*, 4AC ¶¶ 5, 9, but the Court surmises that these references are artifacts of the prior pleadings.
[2] Plaintiffs have made inconsistent arguments on this point and the Court will address the remaining claims after resolving the RICO issue.

As noted, the TAC was dismissed for failure to plead specific facts demonstrating Rice's liability under RICO. In an effort to remedy this defect, Plaintiffs have included a section of the 4AC with the heading "Specific Factual Background to RICO Claim." 4AC ¶¶ 101-33. Despite the Court's instructions in the March 2025 O&O, the allegations against Rice remain vague and conclusory. *See, e.g.,* 4AC ¶ 124 ("Each member of the Enterprise has agreed that someone within the Enterprise would commit at least two predicate acts to accomplish the goals of the Enterprise."). Plaintiffs' Response in Opposition to the Motion to Dismiss, ECF No. 111, does little to defend the claims in the 4AC, despite its volume. It contains numerous assertions of law unaccompanied by any citations to caselaw and shows clear signs of having been drafted by AI with minimal attorney review. *See, e.g.,* Resp. at 18 ("This memorandum will delineate the core elements required to plead a civil RICO claim, *drawing exclusively from the uploaded caselaw*, and then apply those elements to the specific allegations against Defendant Rice, as detailed in the Fourth Amended Complaint (4AC)." (emphasis added)).

Plaintiffs' RICO claim alleges that "[i]n violation of 19 U.S.C. § 1962(c), all defendants and unnamed participants engaged in various acts of racketeering including, but not necessarily limited to wire fraud in violation of 18 U.S.C. § 1343, theft from an interstate shipment in violation of 18 U.S.C. § 659, [and] extortion in violation of 18 U.S.C. § 1951." 4AC ¶ 184.

"18 U.S.C. § 1964(c) allows for a private civil action to be brought by any person injured in his business or property by reason of a RICO violation." *Global Master*

*Int'l Grp., Inc. v. Esmond Natural, Inc.*, 76 F.4th 1266, 1271 (9th Cir. 2023) (internal quotation marks omitted, alterations normalized). "The required elements of a RICO private action are: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (6) causing injury to plaintiff's business or property." *Id.* (internal quotation marks and citation omitted). "Racketeering activity is any act indictable under several provisions of Title 18 of the United States Code[.]" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (internal quotation marks and citation omitted, alteration normalized).

A party may not be held liable under § 1962(c) unless that party "participated in the operation or management of the enterprise itself." *Reeves v. Ernst & Young*, 507 U.S. 170, 183-85 (1993). It is not enough to show that a party was "part of the enterprise"—the plaintiff must show that they had "some part in directing its affairs." *Walters v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008) (internal quotation marks and citation omitted).

Plaintiffs' RICO claim sounds in fraud and so it must satisfy the heightened pleading standards of Rule 9.[3] *See Bojorquez v. Wells Fargo Bank, NA*, No. 6:12-cv-

---

[3] Plaintiffs now argue that they have pleaded non-fraud RICO claims of theft and extortion, 18 U.S.C. §§ 1951, 659, in addition to mail fraud and wire fraud and so are not required to meet the standards of Rule 9, but those arguments are not supported by the plain allegations of the 4AC. For example, the allegations of "Theft from Interstate Shipment" explicitly state that "D United and/or other members of the Enterprise unlawfully took, carried away, and/or obtained Plaintiff's goods *by fraud or deception* with the intent to convert such good to their own use." 4AC ¶ 116 (emphasis added). Similarly, the allegations of "Extortion/Theft" allege that "US Pro induced the Plaintiffs to contract with D United and the Enterprise . . . by making false statements regarding the nature, expertise and price of their services," and then later D United's employees "told Plaintiffs that D United would not unload Plaintiffs' goods if they did not pay more than the guaranteed 'not to exceed estimate and revised estimates." *Id.* at ¶¶ 117-119. And Plaintiffs' Lanham Act allegations, *id.* at ¶¶ 204-12 are premised on allegations of "false and misleading representations," intended to induce reliance by Plaintiffs. As previously stated, Rule 9 imposes heightened pleading standards on claims that sound in fraud, even if the word "fraud" is not used. *Kearns v. Ford Motor Co.*, 567 F.3d 1120.

02077-AA, 2013 WL 6055258, at *4 (D. Or. Nov. 7, 2013) ("RICO claims that include allegations of fraudulent activities as predicate acts of racketeering must be pled with particularity under Fed. R. Civ. P. 9(b).").

In meeting those heighted standards, plaintiffs are not permitted to simply lump all defendants together. In *Mostowfi v. i2 Telecom Int'l, Inc.*, 269 Fed. App'x 621 (9th Cir. 2008), the Ninth Circuit considered a case which the plaintiffs failed to meet the pleading standards under Rule 9 "because the plaintiffs lump together the defendants without identifying the particular acts or omissions that each defendant committed." *Id.* at 624. As in the present case, the *Mostowfi* plaintiffs alleged that several of the predicate acts were violations of federal criminal statutes, but did not "specify who committed the violation, and when and where it occurred." *Id.* The Ninth Circuit concluded that this fell short of the heightened pleading standards under Rule 9 and affirmed the district court dismissal of the complaint. *Id.* at 625.

Plaintiffs allege that Rice is an officer of US Pro and other companies allegedly part of the enterprise, 4AC ¶ 126, and, as with the TAC, nearly all of the allegations improperly lump defendants together without giving the essential who, what, where, when, and how for the specific defendants.

For example, Plaintiffs repeatedly state that "Rice and Abrams" personally participated in the alleged enterprise, *see, e.g., id.* ¶¶ 197, 208-210, but other than Rice's position as a corporate officer, they include no facts to plausibly support the assertion that he personally had any role in the alleged scheme. "Corporate titles,

---

1124 (9th Cir. 2009). This standard plainly applies to the specific acts of theft and extortion alleged in the 4AC.

without more, are insufficient to establish that a person is a material participant in any racketeering activities." *Cooper Indus., Inc., Cooper Tools Div. v. Lagrand Tire Chains*, 205 F. Supp.2d 1157, 1166 (D. Or. 2002).

Many of these allegations are conclusory, in addition to being vague, *see, e.g.,* 4AC ¶ 124 ("Each member of the Enterprise has agreed that someone within the Enterprise would commit at least two predicate acts to accomplish the goals of the Enterprise.").

The 4AC lacks non-conclusory allegations that Rice specifically took part in managing or conducting the alleged RICO enterprise. As in *Mostowfi* and as with the TAC, Plaintiffs' allegations concerning Rice fall well short of the heightened requirements of Rule 9. For this reason, the Court GRANTS Rice's motion to dismiss the claims against him.

## II.    Non-RICO Claims

As noted, the non-RICO claims of the 4AC do not appear to be directed at Rice. In their Response to Rice's Motion to Dismiss, Plaintiffs devote several pages to those claims and to the assertion that the state law claims are not preempted, which is not an argument made in Rice's motion to dismiss.

Plaintiffs' first non-RICO claim is for direct right of action under 49 U.S.C. §§ 1470(a)(2) and 14706 and under 49 C.F.R. §§ 371 and 375. This claim, 4AC ¶¶ 134-166, is, by the plain terms of the 4AC, alleged only against U.S. Pro and D United. Rice is not mentioned. Plaintiffs have failed to state this claim against Rice.

Plaintiffs' second non-RICO claim is for violation of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 *et seq.* 4AC ¶¶ 167-79. Once again, under the plain terms of the 4AC, this claim is alleged only against U.S. Pro and D United. Plaintiffs have failed to state their Carmack Amendment claim against Rice.

Plaintiffs' claim for negligent hiring, 4AC ¶¶ 233-40, is once again, by its express terms alleged against "US Pro, Anthem Claims, Southeast Holdings and Lewis." Rice is mentioned only once when Plaintiffs allege that "US Pro, Rice, Abrams, Metz, Fries, King, Anthem Claims, Southeast Holding and Lewis knew or should have known from review of the DOT published complaint data and consumer reviews, and their delay in responding and in all related circumstances, that D United could not be trusted to transport or deliver valuable property or to otherwise complete the move of Plaintiffs' property in a lawful manner." 4AC ¶ 236. Of note, several of the "lumped together" individuals named are not even named as defendants. The Court concludes that this claim is, by its own terms, not directed against Rice, and fails to state a claim against Rice.

The final non-RICO claim is for conversion based on the theft of Plaintiffs' property. This claim is, once again, explicitly alleged at parties other than Rice—specifically D United and the Klein Defendants. 4AC ¶¶ 241-49. Rice is not mentioned at all.

The non-RICO claims in the Fourth Amended Complaint are plainly not alleged against Rice and Plaintiffs' belated efforts in response to the Motion to

Dismiss do not serve to amend those claims.  To the extent that Plaintiffs have attempted to bring their non-RICO claims against Rice, those claims fail and are dismissed as to Rice.

In sum, all claims against Rice in the 4AC fail and are dismissed.  As Plaintiffs have repeatedly failed to adequately plead a claim against Rice and because discovery is now closed, the Court concludes that further leave to amend would be futile and dismissal shall be with prejudice.

## III.    Motion for Imposition of Sanctions

Federal Rule of Civil Procedure 11 "authorizes courts to impose sanctions to deter baseless filings and curb abuses." *Roberts v. Randy LL Corp.*, No. 3:24-cv-00523-HZ, 2025 WL 2717823, at *4 (D. Or. Sept. 24, 2025) (internal quotation marks and citation omitted).  An attorney may be subject to Rule 11 sanctions when he "presents to the court 'claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]'" *Holgate v. Baldwin*, 425 F.3d 671, 675-76 (9th Cir. 2005) (quoting Fed. R. Civ. P. 11(b)(2)).  "A party violates Federal Rule of Civil Procedure 11(b) by submitting pleadings for an improper purpose or making claims or factual contentions without legal or evidentiary support." *Roberts*, 2025 WL 2717823, at *4 (internal quotation marks and citation omitted).  Rule 11 is meant to "address frivolous or abusive filings." *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1065 (9th Cir. 2014).  Rule 11 sanctions are an extraordinary remedy and "reserved for the rare and exceptional

cases where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344-45 (9th Cir. 1988). "Courts must also avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading was submitted." *Id.* at 1344.

Here, Rice's Motion for Sanctions, ECF No. 97, asserts that Plaintiffs have made baseless, frivolous, and demonstrably false allegations in the now-dismissed Third Amended Complaint.

## A. Safe Harbor Provision

Plaintiffs have raised the issue of Rule 11's "safe harbor" provision. Rule 11(c) provides that a motion for sanctions "must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).

> These provisions are intended to provide a type of 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refused to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

*Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (quoting Fed. R. Civ. P. 11; Adv. Comm. Notes, 1993 Amend.).

In this case, Plaintiffs initially asserted that Rice did not serve them with the motion for sanctions twenty-one days before filing the motion but now concede that they were served with the motion many months before the motion was filed and Plaintiffs' counsel forgot about the service of the draft motion. Plaintiffs' counsel appears to blame Rice's counsel for not reminding him that Plaintiffs had been served with the draft motion. In their Sur-Reply, Plaintiffs switch tacks and argue that Defendant waited *too long* after serving Rule 11 motion to file it.

Plaintiff bases this argument, at least in part, on the Advisory Committee Notes for Rule 11 which provide that:

> The revision leaves for resolution on a case-by-case basis, considering the particular circumstances involved, the question as to when a motion for violation of Rule 11 should be served and when, if filed, it should be decided. Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely. In other circumstances, it should not be served until the other party has had a reasonable chance for discovery. Given the 'safe harbor' provisions . . . a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention).

Fed. R. Civ. P. 11; Adv. Comm. Notes, 1993 Amend.

Here, Rice did *serve* the Rule 11 motion on Plaintiffs' counsel promptly, although he delayed *filing* it until after the resolution of the motion to dismiss the TAC. In *Telesaurus VPC, LLC v. Power*, 888 F. Supp.2d 963 (D. Ariz. 2012), the district court confronted a similar situation in which the service of the Rule 11 motion preceded the filing of the motion by more than a year. *Id.* at 971. The court observed that Rule 11 "contains no deadline for filing a motion." *Id.* "A motion must not be filed within 21 days of its service on the opposing party, but the rule says nothing

about how long the movant may wait to file the motion after the 21 day safe harbor provision has expired." *Id.* On appeal, the Ninth Circuit affirmed, finding "no material violation of the safe harbor provisions of Rule 11." *Telesaurus VPC, LLC v. Power*, 584 Fed. App'x 905, 906 (9th Cir. 2014).

The Court finds the reasoning of *Telesaurus* persuasive and concludes that Rule 11 contains no time limit on filing the motion after the expiration of the twenty-one-day safe harbor timeframe. Rice's motion for sanctions does not, therefore, violate the safe harbor provision, nor is it contrary to the judicial economy purposes of Rule 11's safe harbor provision because, by serving it on Plaintiffs well in advance of the filing of the motion, Rice provided Plaintiffs with ample opportunity to withdraw or correct the challenged filing before a judicial determination on the merits of the TAC.

## B. Merits of the Rule 11 Motion

Rule 11(b) provides, in relevant part, that when an attorney or unrepresented party presents a pleading, written motion, or other paper to the court, the attorney or unrepresented party certifies that:

> [T]o the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

     (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation . . .

Fed. R. Civ. P. 11(b).

     "Filing a complaint in federal court is no trifling undertaking. An attorney's signature on a complaint is tantamount to a warranty that the complaint is well grounded in fact and 'existing law' (or proposes a good faith extension of the existing law and that it is not filed for an improper purpose." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). "The attorney has a duty prior to filing a complaint not only to conduct a reasonable factual investigation, but also to perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are warranted by existing law or a good faith argument for an extension, modification or reversal of existing law." *Id.* (internal quotation marks and citation omitted).

     "Where, as here, the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted a 'reasonable and competent inquiry' before signing and filing it." *Christian*, 286 F.3d at 1127 (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)).

     Here, as discussed in the Court's Opinion & Order dismissing the TAC, ECF No. 95, the RICO allegations against Rice were deficient—they were conclusory, vague, and improperly lumped Rice together with other Defendants in an effort to make him part of the RICO conspiracy.

As noted, in reviewing a complaint, the Court is bound to assume all allegations in the complaint are true. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008). In reviewing a Rule 11 motion in which the defendant challenges the sufficiency of the complaint's evidentiary support, "the Court does not assume the allegations in the complaint are true," but "[r]ather, 'a claim is well grounded in fact if an independent examination reveals some credible evidence in support of a party's statements.'" *Cash v. Credit Control, LLC*, Case No. 2:24-cv-08447-AH-(Ex), 2025 WL 2946972, at *4 (C.D. Cal. Oct. 16, 2025) (quoting *Martinez v. City of W. Sacramento*, No. 2:16-cv-02566-TLN-JDP, 2021 WL 2227830, at *5 (E.D. Cal. June 2, 2021)).

There is some factual record available to the Court in assessing the basis of Plaintiffs' claims. In his Declaration, Rice affirmed that he was only a "silent investor" in U.S. Pro and he "had no control or authority over, and was otherwise unaware of, U.S. Pro's day-to-day business activities, which were controlled entirely by [Defendant] Charles Abrams." Rice Decl. ¶¶ 5-6. ECF No. 69. In his declaration, Rice denied the allegations made against him and denied having "even been aware of any enterprise or racketeering activity by the Defendants in this lawsuit" and affirmed that he "only became aware of the Plaintiffs' existence and their alleged problems when this lawsuit was filed." *Id.* at ¶¶ 7-10.

Rice's declaration is supported by statements made during the deposition of U.S. Pro's former office manager Jamie Fries. Notice Ex. 1, at 51. ECF No. 89-1. In her deposition, Ms. Fries confirmed that Defendant Charles Abrams exercised day-

to-day control over the moving brokerage companies' activities, including the interactions with Plaintiffs. *Id.* at 52. Ms. Fries testified that Rice had no control over any of the companies or any input or control over their policies and procedures, nor did he have authority to issue directives to the employees of the moving brokerage companies. *Id.* at 53-54. Ms. Fries testified that, had Rice issued her any instructions, she would not have followed them because Charles Abrams was in control of the companies. *Id.* at 54-55. Plaintiffs' counsel asked Mr. Fries what role Rice played in the companies, to which she replied "No role." *Id.* at 56. Ms. Fries deposition was taken shortly after the filing of the TAC and so it does not bear on the Plaintiffs' knowledge prior to the filing of the TAC, but it precedes service of the Motion for Sanctions and is relevant to the fact that Plaintiffs *repeated* their defective allegations about Rice from the TAC in the 4AC.

Plaintiffs make no factual arguments at all in response to the motion for sanctions, instead relying on their safe harbor and unreasonable delay arguments, addressed above. Plaintiffs offer no evidence, either in their response to the motion for sanctions or in their sur-reply, to counter Rice's evidence that he was an uninvolved silent investor. Nor do Plaintiffs offer any evidence to challenge Rice's assertion, supported by declarations and deposition testimony, that they were aware that Rice was a silent investor in U.S. Pro. Despite this knowledge, Plaintiffs proceeded with their defective allegations concerning Rice in the 4AC. Plaintiffs suggest, in their apparently AI-generated response to Rice's Motion to Dismiss, that

their allegations might be borne out by discovery, but discovery closed in this case in April 2024.  ECF No. 71.

On this record, the Court concludes that Plaintiffs' counsel submitted factually baseless allegations in the TAC and repeated those allegations in the 4AC.  The Court further concludes that Plaintiffs' counsel was aware that those allegations were baseless, given that he was present at the deposition of Ms. Fries and that he has failed to submit any evidence to support the contention that his claims are not baseless or that he conducted any investigation prior to making his claims.  The Court finds that this conduct warrants sanction under Federal Rule of Civil Procedure 11.

When "the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."  Fed. R. Civ. P. 11(c)(1).  An appropriate sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ. P. 11(c)(4).  "The district court has wide discretion in determining the appropriate sanction for a Rule 11 violation."  *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987).

The Court concludes that the appropriate sanction in this matter is an admonishment.  *See Brogdon v. Roman Catholic Archbishop of Los Angeles*, No. CV-20-00566-TUC-JAS (MSA), 2023 WL 2042252, at *6 (D. Ariz. Feb. 16, 2023) ("Admonishment would provide the desired deterrent effect because it would encourage counsel to analyze the results of their investigation more carefully before filing suit.  Further it would provide that effect without needlessly chilling counsels'

desire to advocate for their clients in novel ways."); *Mitchener v. Talkspace Network LLC*, Case No. 2:24-cv-07067-JAK (BFMx), 2026 WL 84466, at *4 (C.D. Cal. Jan. 7, 2026) ("'As an alternative to monetary sanctions, district courts may admonish or reprimand attorneys who violate Rule 11 where such a course of action is appropriate.'" (quoting *Figueroa-Ruiz v. Alegria*, 905 F.2d 545, 549 (1st Cir. 1990)).[4] Plaintiff's counsel is admonished for his conduct in the litigation of this case.

## CONCLUSION

The Motion to Dismiss filed by Defendant Rudolf Rice, ECF No. 106. is GRANTED and all claims against Defendant Rice are DISMISSED with prejudice. Plaintiffs' Motion to File Sur-Reply, ECF No. 105, is GRANTED.  Defendant Rudolf Rice's Motion for Imposition of Sanction, ECF No. 97, is GRANTED and Plaintiffs' counsel Thad M. Guyer is admonished as set forth above.

It is so ORDERED and DATED this _____27th_____ day of January 2026.

     /s/Ann Aiken_____
ANN AIKEN
United States District Judge

---

[4] The Court acknowledges that Rice has requested attorney fee sanctions, but the Court declines to award attorney fees.  Fees may be imposed as a sanction if "warranted for effective deterrence."  Fed. R. Civ. P. 11(c)(4).  However "Rule 11 is not designed to provide restitution in every case to a litigant who has been damaged by the conduct of opposing counsel . . . Public censure has been found to be appropriate even where the unreasonable actions of the sanctioned lawyer have put his adversary to substantial expense." *Pony Express Courier Corp. of Am. v. Pony Express Delivery Serv.*, 872 F.2d 317, 319 (9th Cir. 1989).  Here, the Court has determined that admonishment is an effective deterrent and so declines to award fees to Rice.  It goes without saying that Plaintiffs' request for attorney fees for responding to the Motion for Sanctions is denied as frivolous.