IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

FRED MARTI; LINDA MARTI,

               Plaintiffs,

      v.

U.S. PRO MOVING AND LOGISTICS, LLC;
D UNITED LOGISTIC MOVING & STORAGE,
INC.; ANTHEM CLAIM MANAGEMENT, LLC;
SOUTHEAST HOLDING LLC; JOE D. KLEIN;
BRURIA CRURIA FARRAN-KLEIN; JOSHUA
I. LEWIS; RUDOLF LOGAN RICE; CHARLES
GORDON ABRAMS; JOHN DOE; JANE ROE,

               Defendants.

Civ. No. 1:21-cv-00471-AA

**OPINION & ORDER**

AIKEN, District Judge.

This matter comes before the Court on Plaintiffs' Motion for Reconsideration under Federal Rule of Civil Procedure 59(e), ECF Nos. 114, 115, which seeks to set aside the January 27, 2026, Opinion and Order granting Defendant Rice's Motion to Dismiss the Fourth Amended Complaint and granting Defendant Rice's Motion for Sanctions. ECF No. 113. For the reasons set forth below, the motion is DENIED.

## LEGAL STANDARD

A district court may reconsider and amend a previous order under Federal Rule of Civil Procedure 59(e). However, reconsideration under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the interests of finality and

Page 1 –OPINION & ORDER

conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877 (9th Cir. 2000) (internal quotation marks and citation omitted). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) ("A Rule 59(e) motion may be granted if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." (internal quotation marks and citation omitted)).

If a motion for reconsideration is based on new evidence, "the movant must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (internal quotation marks and citation omitted).

However, "[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890 (emphasis in original); *see also Carroll v. Nakatami*, 342 F.3d 934, 945 (9th Cir. 2003) (holding same). "Motions for reconsideration are not the proper vehicles for rehashing old arguments and are not

intended to give an unhappy litigant one additional chance to sway the judge." *Phillips v. C.R. Bard., Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013) (internal quotation marks and citations omitted, alterations normalized).

## BACKGROUND

In the Court's Opinion and Order ("O&O"), ECF No. 113, it granted Rice's Motion to Dismiss, ECF No. 106, finding that the allegations against Rice in the Fourth Amended Complaint ("4AC"), ECF No. 100, were defective and that the defects were substantially the same as the ones identified when the Court dismissed the claims against Rice in the Third Amended Complaint ("TAC"). ECF Nos. 72, 95. The Court found that further leave to amend would be futile, both because Plaintiffs had already been given an opportunity to amend to correct the same defects and because discovery was closed and so no new factual developments could be reasonably be anticipated. The claims against Rice were therefore dismissed with prejudice. Of note, the Court's consideration of the Motion to Dismiss was confined to the four corners of the 4AC and did not include any consideration of extrinsic evidence, consistent with the standards for a Rule 12(b)(6) motion.

The O&O also granted Rice's Motion for Rule 11 Sanctions. ECF No. 97. In the Motion for Sanctions, Rice asserted that the claims against him were without foundation and provided evidence to support that contention. Plaintiffs filed a Response, ECF No. 101, and were given leave to file a Sur-Reply, ECF No. 105, in opposition to the Motion for Sanctions in which they asserted that the motion was unreasonably delayed and that it violated the Rule 11 safe harbor provision, but

Plaintiffs entirely neglected to challenge Rice's showing that the allegations against Rice were without a factual basis.  In the O&O, the Court rejected Plaintiffs' safe harbor and unreasonable delay arguments and granted the motion based on Rice's unrebutted factual showing.  The Court declined to award attorney fees as Rice requested, finding that an admonishment of Plaintiffs' counsel was a sufficient sanction to deter such conduct in the future.

DISCUSSION

Plaintiffs move for reconsideration of the O&O in three particulars.  First, they seek to reverse the Court's admonishment of Plaintiffs' counsel.  Second, they seek to vacate the dismissal of the 4AC.  And finally, they seek leave to file a motion for summary judgment.  The Court will address the issues of vacatur and summary judgment first.

**I.     Plaintiffs Present No Basis to Vacate the Dismissal of the 4AC or Proceed to an Adjudication of the Merits**

Plaintiffs' arguments concerning the granting of Rice's Motion to Dismiss are extremely garbled.  Plaintiffs state that they "do not request the Court . . . relitigate the dismissal on the merits," Reply at 1, ECF No 118, and "do not ask the Court to reconsider whether the Fourth Amended Complaint satisfied Rule 9(b)." *Id.* at 10.  Rather, they "seek to vacate the dismissal and proceed to summary judgment where 'extrinsic materials' are not only permitted but required."  Reply at 11.

This request is perplexing.  There can be no merits adjudication as to Rice unless and until Plaintiffs have successfully *pleaded a claim against him* and, as set

forth in the Court's prior Orders, they have repeatedly failed to do so. Plaintiffs do not argue that they have stated a claim and, as quoted above, expressly disclaim any such argument. Plaintiffs appear to dismiss the requirement that they state a claim, or that Rice be permitted to file an answer to the 4AC, or that Rice be permitted to assert affirmative defenses, as unnecessary formalities on the road to an adjudication of the merits. This is simply not how litigation is conducted under the Federal Rules of Civil Procedure, nor would it be consonant with Rice's due process rights.

The Court DENIES Plaintiffs' request to vacate the dismissal of the 4AC and proceed to summary judgment as entirely frivolous.

## II. The Sanction Against Plaintiffs' Counsel Stands

Plaintiffs seek to set aside the Court's admonishment of Plaintiff's counsel, arguing that the admonishment has collateral professional consequences for Plaintiffs' counsel and is delaying his application for pro hac vice admission before the Eleventh Circuit. Plaintiffs assert that the imposition of an admonishment sanction is a manifest injustice.

"Courts have not specifically defined what constitutes 'manifest injustice' when deciding if altered judgment is appropriate," and "[m]oreover, courts within the Ninth Circuit routinely decide motions to alter judgment without considering this factor." *CHEP USA v. Paco*, Case No. 23-cv-04535-AMO, 2025 WL 2633064, at *2 (N.D. Cal. Feb. 12, 2025) (internal quotation marks and citations omitted). "Instead, courts regularly consider 'manifest injustice' in the context of determining whether there has been any clear error by the district court." *Id.* "In other words, the question is

whether an error by the Court, in the course or presiding [over] the matter and issuing its ruling, resulted in a significantly unjust outcome." *Id.*

In the O&O, the Court considered the evidence presented by Rice and found the following:

> Plaintiffs make no factual arguments at all in response to the motion for sanctions, instead relying on their safe harbor and unreasonable delay arguments, addressed above. Plaintiffs offer no evidence, either in their response to the motion for sanctions or in their sur-reply, to counter Rice's evidence that he was an uninvolved silent investor. Nor do Plaintiffs offer any evidence to challenge Rice's assertion, supported by declarations and deposition testimony, that they were aware that Rice was a silent investor in U.S. Pro. Despite this knowledge, Plaintiffs proceeded with their defective allegations concerning Rice in the 4AC. Plaintiffs suggest, in their apparently AI-generated response to Rice's Motion to Dismiss, that their allegations might be borne out by discovery, but discovery closed in this case in April 2024.
>
> On this record, the Court concludes that Plaintiffs' counsel submitted factually baseless allegations in the TAC and repeated those allegations in the 4AC. The Court further concludes that Plaintiffs' counsel was aware that those allegations were baseless, given that he was present at the deposition of Ms. Fries and that he has failed to submit any evidence to support the contention that his claims are not baseless or that he conducted any investigation prior to making his claims. The Court finds that this conduct warrants sanction under Federal Rule of Civil Procedure 11.

O&O, at 17-18.

In light of those conclusions, the Court determined that an admonishment was a sufficient sanction to deter repetition and rejected Rice's request for an attorney fee sanction. O&O at 18-19, n.4.

In the present motion, Plaintiffs have submitted voluminous exhibits which they assert show that Rice was not a silent investor but was an active participant in the enterprise. However, Plaintiffs admit that this evidence was in their possession

when they filed their response to the Motion for Sanctions and they simply neglected to include it.  *See* Reply at 1 ("Plaintiffs do not dispute that they should have presented the evidentiary record in opposition to the motion to dismiss and motion for sanctions.  This was a litigation error for which counsel accepts responsibility.")[1], 9 ("Plaintiffs concede that they possessed the exhibits submitted with their motion and did not present them in opposition to Rice's motions . . . Counsel had the evidence but failed to present it to the Court in time.  That failure was counsel's error, not a basis for deeming the allegations baseless." ).

Plaintiffs stress that their motion does not rely on newly discovered evidence, but that misses a more fundamental point: "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Kona Enters.*, 229 F.3d at 890 (emphasis in original); *see also Carroll*, 342 F.3d at 945 (holding same).  Plaintiffs admit that the evidence they now rely on was in their possession at the time of motion for sanctions and they failed to present it.  This is fatal to their motion and they are barred from presenting it now under Rule 59(e).

In sum, the Court rejects Plaintiffs' contention that either the admonishment of Plaintiffs' counsel or the dismissal of the claims against Rice are clear error or a manifest injustice and concludes that Plaintiffs have not shown that they are entitled to the extraordinary and sparingly granted remedy of reconsideration.

---

[1] The Court will reiterate that, consistent with the ordinary standards for Rule 12(b)(6) motions, it did not consider anything beyond the four corners of the 4AC in ruling on the motion to dismiss and so no extrinsic evidence would have been considered, even had Plaintiffs submitted it in opposition to that motion.

The Court denies Rice's request for attorney fees for responding to Plaintiffs' Motion for Reconsideration.

## CONCLUSION

The Motion for Reconsideration, ECF Nos. 114 and 115, are DENIED. Plaintiff's Motion to Expedite or Accelerate, ECF No. 119, is DENIED as MOOT.

It is so ORDERED and DATED this ___28th___ day of April 2026.

        /s/Ann Aiken
        ANN AIKEN
        United States District Judge