## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## MEDFORD DIVISION

**FRED MARTI** and **LINDA MARTI**,

     Plaintiffs,

v.                                       Case No. 1:21-cv-00471-AA

**U.S. PRO MOVING AND LOGISTICS, LLC**, et al.,

     Defendants.

---

**PLAINTIFFS' AND COUNSEL'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 54(b) AND TO IDENTIFY RULE 11 ADMONISHMENT IN CERTIFIED ORDER**

Thad M. Guyer
Oregon Bar No. 821443
T.M. Guyer & Friends, PC
116 Mistletoe Street
Medford, OR 97501

206-941-2869
thad@guyerayers.com

Counsel for Plaintiffs Fred and Linda Marti

1

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................4

II. LEGAL STANDARD .........................................................................................................4

III. THERE HAS BEEN A FINAL DISPOSITION OF ALL CLAIMS AGAINST A PARTY .....................5

IV. THERE IS NO JUST REASON FOR DELAY ...................................................................6

    A. The Remaining Proceedings Present No Meaningful Piecemeal-Review Risk.....................................6

    B. Default-Judgment Sequencing Does Not Supply a Just Reason for Delay.............................................7

    C. The Rice Dismissal Is Sufficiently Separable ........................................................................7

    D. The Equities Favor Certification..............................................................................................8

V. IDENTIFICATION OF THE RULE 11 ADMONISHMENT IS APPROPRIATE...................................8

VI. CONCLUSION .................................................................................................................9

VII. CERTIFICATE OF COMPLIANCE ..............................................................................10

VIII. CERTIFICATE OF SERVICE .....................................................................................11

## TABLE OF AUTHORITIES

### CASES

*Cadillac Fairview/California, Inc. v. United States*, 41 F.3d 562 (9th Cir. 1994) .........................................5, 8

*Continental Airlines v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519 (9th Cir. 1987) ..............................4, 6

*Cunningham v. Hamilton County*, 527 U.S. 198 (1999)................................................................................9

*Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980) .............................................................4, 8

*EcoShield Pest Solutions Portland, LLC v. Grit Marketing, LLC*, No. 3:24-cv-00887-AB, ECF No. 66 (D. Or. May 7, 2026) .............................................................................................................................................6

*Frow v. De La Vega*, 82 U.S. 552 (1872) ....................................................................................................7

*Gregorian v. Izvestia*, 871 F.2d 1515 (9th Cir. 1989).................................................................................5

*Jewel v. National Security Agency*, 810 F.3d 622 (9th Cir. 2015)............................................................4, 6

*Lynn v. Gateway Unified School District*, 771 F.3d 1135 (9th Cir. 2014) ....................................................9

*Meredith v. Oregon*, 321 F.3d 807 (9th Cir. 2003)......................................................................................9

*Neilson v. Chang*, 253 F.3d 520 (9th Cir. 2001)..........................................................................................7

*Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565 (9th Cir. 2018).....................................................4, 6–7

*SEC v. Platforms Wireless International Corp.*, 617 F.3d 1072 (9th Cir. 2010).........................................5, 8

*Purdy Mobile Homes, Inc. v. Champion Home Builders Co.*, 594 F.2d 1313 (9th Cir. 1979) .................4, 7

*Stanley v. Woodford*, 449 F.3d 1060 (9th Cir. 2006) ...................................................................................9

*Texaco, Inc. v. Ponsoldt*, 939 F.2d 794 (9th Cir. 1991)...........................................................................4, 6, 8

*United States v. Talao*, 222 F.3d 1133 (9th Cir. 2000) ................................................................................9

*Weissman v. Quail Lodge Inc.*, 179 F.3d 1194 (9th Cir. 1999) ....................................................................9

*Wood v. GCC Bend, LLC*, 422 F.3d 873 (9th Cir. 2005)..........................................................................4, 6–7

### RULES

Federal Rule of Civil Procedure 11...........................................................................................................4, 8–9

Federal Rule of Civil Procedure 54(b)......................................................................................................1, 4–9

Federal Rule of Civil Procedure 55(b)(2) ......................................................................................................7

## I.  INTRODUCTION

Defendant Rudolf Logan Rice does not dispute that the Court dismissed all claims against him with prejudice. That disposition is final as to a party. The remaining Rule 54(b) question is whether there is no just reason for delay. There is none. The dismissal turned on whether the Fourth Amended Complaint alleged Rice's own participation in the asserted enterprise and whether any non-RICO count was directed to him. The remaining proceedings against other defendants do not require the Ninth Circuit to decide those Rice-specific pleading questions a second time.

Rice argues that Plaintiffs created the present delay by not immediately converting entries of default into final default judgments. That contention does not establish a juridical reason to postpone review of the completed Rice disposition. Default-judgment sequencing may require proof of damages and attention to the risk of inconsistent results among defendants. Whatever the merits of Plaintiffs' case-management choices, those choices do not alter the finality or separability of the claims dismissed against Rice.

Counsel asks only that the certified order accurately identify the completed Rule 11 admonishment imposed in the same order and left intact on reconsideration. That request does not treat the sanction as a separate Rule 54(b) claim and does not ask this Court to decide the Ninth Circuit's jurisdiction. The Motion should be granted.

## II.  LEGAL STANDARD

Rule 54(b) authorizes entry of final judgment as to one or more, but fewer than all, claims or parties when the court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b). The court first determines whether the challenged disposition is final and then evaluates judicial-administrative interests and the equities. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7–10 (1980).

The core question is whether the certified matter is sufficiently divisible from what remains that the court of appeals is unlikely to confront the same dispositive issues again. *Jewel v. National Security Agency*, 810 F.3d 622, 628–29 (9th Cir. 2015); *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879–82 (9th Cir. 2005). Factual overlap weighs against certification, but overlap alone does not make claims indivisible. *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 572–73 (9th Cir. 2018); *Purdy Mobile Homes, Inc. v. Champion Home Builders Co.*, 594 F.2d 1313, 1316 (9th Cir. 1979). Rule 54(b) does not require the adjudicated matter to be entirely separate and independent when immediate review will efficiently separate legal questions and streamline the remaining litigation. *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797–98 (9th Cir. 1991); *Continental Airlines v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987).

After the core concern is satisfied, the court may weigh case-specific equities, including prejudice, delay, and efficient case administration. *SEC v. Platforms Wireless International Corp.*, 617 F.3d 1072, 1084 (9th Cir. 2010); *Gregorian v. Izvestia*, 871 F.2d 1515, 1519–20 (9th Cir. 1989). A reasoned explanation of finality, overlap, repetitive-appeal risk, efficiency, and the equities facilitates appellate review. *Jewel*, 810 F.3d at 629.

## III. THERE HAS BEEN A FINAL DISPOSITION OF ALL CLAIMS AGAINST A PARTY

ECF No. 113 dismissed all claims against Rice with prejudice, found further amendment futile, and left no claim or remedy pending against him. Opinion & Order at 1, 11, 19, ECF No. 113 (Jan. 27, 2026). ECF No. 120 denied reconsideration and preserved that disposition. Opinion & Order at 3–5, 7–8, ECF No. 120 (Apr. 28, 2026). Rice concedes finality. Rule 54(b) expressly permits judgment as to fewer than all parties, and the first step of the analysis is satisfied. See Fed. R. Civ. P. 54(b); *Cadillac Fairview/California, Inc. v. United States*, 41 F.3d 562, 564 n.1 (9th Cir. 1994).

## IV.  THERE IS NO JUST REASON FOR DELAY

### A.  <u>The Remaining Proceedings Present No Meaningful Piecemeal-Review Risk</u>

The Rice dismissal presents a discrete appellate inquiry. ECF No. 113 held that the RICO allegations did not plead nonconclusory facts showing that Rice personally managed or conducted the alleged enterprise and instead improperly grouped him with other defendants. Id. at 5–9. The court separately held that the non-RICO claims either were not directed to Rice by their own terms or failed to state a claim against him. Id. at 9–11. Review of that disposition therefore centers on the allegations against Rice, not on the ultimate liability of another defendant.

The remaining docket does not create the same risk found in Wood or Jewel. Those cases involved certified and unresolved matters that substantially shared the same dispositive facts or legal questions. Wood, 422 F.3d at 879–82; Jewel, 810 F.3d at 628–29. Nor is this case materially like EcoShield Pest Solutions Portland, LLC v. Grit Marketing, LLC, No. 3:24-cv-00887-AB, slip op. at 12–14 (D. Or. May 7, 2026) (ECF No. 66), where the dismissed claims significantly overlapped with claims voluntarily dismissed without prejudice that remained capable of refiling, creating the prospect of an appeal while related claims were litigated again.

Here, most remaining defendants have been defaulted, and the surviving non-RICO claims identified in ECF No. 113 are directed to parties other than Rice. Opinion & Order at 5, 9–11, ECF No. 113. Any shared background allegations do not themselves defeat certification. *Pakootas*, 905 F.3d at 572–73. The Ninth Circuit has upheld certification despite common facts when the appealed legal issues were sufficiently distinct and their resolution could streamline the case. *Texaco*, 939 F.2d at 797–98; *Continental Airlines*, 819 F.2d at 1525. The court can therefore find that a later appeal is unlikely to require reconsideration of the Rice-specific pleading determination.

### B.  Default-Judgment Sequencing Does Not Supply a Just Reason for Delay

Rice contends that Plaintiffs caused delay by obtaining entries of default without promptly seeking final default judgments. Rule 54(b), however, asks whether immediate appellate review would create inefficient or repetitive adjudication; it does not make certification turn on assigning blame for the pace of separate default proceedings.

Plaintiffs' sequencing also has a legitimate procedural basis. A court entering default judgment may need to determine damages, establish the truth of an allegation by evidence, or investigate another matter. Fed. R. Civ. P. 55(b)(2). In multi-defendant cases, courts must also avoid judgments that are logically inconsistent with rulings concerning jointly liable or similarly situated defendants. *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *Neilson v. Chang*, 253 F.3d 520, 532 (9th Cir. 2001). Those authorities do not require indefinite delay here; they show why the timing of default judgments is a distinct case-management question rather than proof that the Rice dismissal should remain uncertified.

The operative point is that no merits claim remains against Rice, while the unresolved proceedings involve other parties and different procedural postures. Plaintiffs' decision to complete damages and default proceedings in an orderly sequence does not increase the likelihood that the Ninth Circuit will revisit whether the complaint adequately alleged Rice's individual participation.

### C.  The Rice Dismissal Is Sufficiently Separable

The adjudicated and unadjudicated matters need not be wholly unrelated. A challenger cannot defeat multiple-claim treatment merely by showing that some facts are common to several theories, and partially overlapping facts do not foreclose separate treatment under Rule 54(b). *Pakootas*, 905 F.3d at 572–73 (quoting *Purdy Mobile Homes*, 594 F.2d at 1316, and *Wood*, 422 F.3d at 881).

That principle fits this record. The proposed appeal would principally address whether the Fourth Amended Complaint adequately pleaded Rice's participation and whether dismissal with prejudice was proper. Remaining proceedings involving Southeast Holding or defaulted defendants may concern entity liability, damages, or allegations directed to those parties. The background may overlap, but the dispositive Rice question is defendant-specific. Certification may therefore separate the legal question from the remaining factual and remedial proceedings and promote efficient administration. *Texaco*, 939 F.2d at 797–98; *Cadillac Fairview*, 41 F.3d at 564 n.1.

### D.  The Equities Favor Certification

The equities likewise favor a prompt, reviewable judgment. Rice has no remaining merits role in the district court. The proceedings against other defendants may continue during any appeal. Delayed certification, by contrast, could require the parties and court to revisit Rice-specific proceedings only after the remainder of the case concludes if the dismissal is later reversed. Once the court is satisfied that the juridical risk of repetitive review is limited, it may weigh that potential duplication and delay in favor of certification. *Curtiss-Wright*, 446 U.S. at 8–10; *Platforms Wireless*, 617 F.3d at 1084.

## V.  IDENTIFICATION OF THE RULE 11 ADMONISHMENT IS APPROPRIATE

ECF No. 113 granted Rice's Rule 11 motion, found that counsel's conduct warranted sanction, selected admonishment as the appropriate sanction, and formally admonished counsel. Opinion & Order at 18–19, ECF No. 113. ECF No. 120 denied reconsideration and left the sanction intact. Opinion & Order at 5–8, ECF No. 120. The ruling is therefore a completed, lawyer-directed sanction rather than passing judicial criticism. See *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999); *United States v. Talao*, 222 F.3d 1133, 1138–39 (9th Cir. 2000).

8

Plaintiffs and counsel do not contend that Rule 54(b) converts the admonishment into a separately certifiable claim. *Cunningham v. Hamilton County*, 527 U.S. 198, 200, 204–10 (1999), and Ninth Circuit decisions applying it caution against standalone prejudgment appeals of attorney sanctions. See *Stanley v. Woodford*, 449 F.3d 1060, 1064–65 (9th Cir. 2006); *Lynn v. Gateway Unified School District*, 771 F.3d 1135, 1142–43 (9th Cir. 2014). Pendent appellate review, if requested, remains narrow and is for the Ninth Circuit to determine. *Meredith v. Oregon*, 321 F.3d 807, 812–14 (9th Cir. 2003).

The certified order may nevertheless identify that ECF No. 113 imposed the completed admonishment and that ECF No. 120 denied reconsideration. Accurate identification supplies a clear procedural record without including the sanction in the Rule 54(b) judgment, certifying it as a separate claim, or enlarging appellate jurisdiction. If the court declines to identify the admonishment, it may still enter final judgment solely on the claims dismissed against Rice.

## VI.   CONCLUSION

ECF No. 113 finally dismissed all claims against Rudolf Logan Rice with prejudice. The Rice-specific pleading determination is sufficiently divisible from the proceedings that remain, the risk of repetitive appellate review is limited, and the equities favor certification. The Court should enter final judgment under Rule 54(b) as to Rice and, in its discretion, identify the completed Rule 11 admonishment and ECF No. 120's denial of reconsideration without determining appellate jurisdiction.

Respectfully submitted,

*/s/ Thad M. Guyer*

---

T.M. Guyer & Friends, PC
Thad M. Guyer (OSB 821443)
116 Mistletoe Street | Medford, OR 97501
206-941-2869 | thad@guyerayers.com
Attorney for Plaintiffs and Counsel

## VII.  CERTIFICATE OF COMPLIANCE

This memorandum complies with LR 7-2(b) because it contains 1,771 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and certificates of counsel.

## VIII.   CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2026, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system, which will send notification to all counsel of record.


*/s/ Thad M. Guyer*

Thad M. Guyer
Attorney for Plaintiffs and Counsel

11