**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**MEDFORD DIVISION**

FRED MARTI and LINDA MARTI,

Plaintiffs,

v.

Case No. 1:21-cv-00471-AA

U.S. PRO MOVING AND LOGISTICS, LLC;
SOUTHEAST HOLDING LLC; et al.,

Defendants.

**JOINT DECLARATION OF FRED MARTI AND LINDA MARTI IN SUPPORT OF CLAIMED DAMAGES**

We, Fred Marti and Linda Marti, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct based upon our personal knowledge and the business and personal records we maintained in connection with our interstate move from Central Point, Oregon to Desert Hot Springs, California in November–December 2020.

## I. INTRODUCTION

**1.** We are husband and wife, both retired, and reside at 16840 Greenway Ct., Desert Hot Springs, California 92241. We submit this joint declaration to establish the amounts we paid to Defendants, the value of property stolen or destroyed, and emotional-distress harm. This declaration supports Plaintiffs' Motion for Summary Judgment against Southeast Holding LLC and supplements the narrative Declaration of Linda Marti dated August 10, 2025 and Appendix A to the Fourth Amended Complaint (ECF No. 100).

**2.** In October 2020, we sold our home in Central Point, Oregon and contracted with U.S. Pro Moving and Logistics, LLC ("US Pro") to broker an interstate move of our household goods to Desert Hot Springs, California. We were retirees on a fixed income.

**II. PAYMENTS — COUNT I DAMAGES ($5,178.00)**

**3.** We maintained records of all payments. The following is complete and accurate and is supported by bank records, wire receipts, and documents in our possession (also summarized in 4AC Appendix A).

**A. Payments to US Pro**

**4.** On October 19, 2020, US Pro demanded our bank account information and generated a bank draft for $778.00 (Check No. 7257305), which cleared our bank on October 22, 2020. We did not write this check; US Pro printed it using banking information obtained by telephone. Ex. 12C.

**5.** On November 18, 2020, US Pro demanded an additional $500.00 by wire from a separate account after we froze the first account. We wired $500.00. Ex. 12C.

**6.** On February 17, 2021, US Pro made an unsolicited ACH deposit of $300.00 into our account after our Florida BBB complaint, without a release. Notation: "ACH Deposit US Pro Moving L - RFND 2/15."

**7.** Net total paid to US Pro after refund: $778 + $500 − $300 = $978.00.

**B. Payments to D United**

**8.** On November 26, 2020, while D United possessed our goods and we were holdovers on property already transferred, D United demanded cash equal to 50% of an inflated $4,409.08 charge before leaving. We had only $1,500.00 cash; they took it. We did not agree to the $4,409.08 figure, which exceeded our binding estimate. Exs. 11, 13–14.

**9.** On December 19, 2020, D United arrived late in Desert Hot Springs and refused to unload unless we paid an additional $2,700.00 cash. We requested a Riverside County Sheriff's

deputy. Despite the deputy's presence, D United threatened to leave with our goods unless we paid. We paid $2,700.00 cash. Exs. 14–15, 19.

**10.** Total paid to D United: $1,500 + $2,700 = $4,200.00.

**11.** Combined total moving charges paid (net): $978 + $4,200 = $5,178.00. This is the full refund we seek under Count I against Southeast Holding LLC. 4AC Appendix A; Ex. 12C.

## III. PROPERTY LOSSES — $17,553.00 (4AC APPENDIX A)

**12.** At the time of the move, our household goods were in good condition. We packed many items ourselves and documented box contents. Items below were never delivered or were delivered damaged. Values match Appendix A to the Fourth Amended Complaint.

### A. Never Delivered — $16,185.00

**13.** Gold Antique Heirloom Watch ($15,000.00). Antique gold pocket watch from Fred Marti's father, a Swiss immigrant and watchmaker (early 1900s). In the family over a century. We locked it in our Sentry Valueguard 1330 Fireproof Combination Safe before D United took possession. The safe was broken open at D United's warehouse; the watch was stolen. Exs. 16–17.

**14.** Bicycle, 24-inch ($330.00) — Linda's bicycle, loaded November 26, 2020, never delivered. Photographed on the truck. Ex. 15.

**15.** Leather chair ($140.00) and ottoman ($40.00) — loaded; never delivered. On December 24, 2020, D United "Barbara" texted that these items were at D United's warehouse. Ex. 14.

**16.** Two furniture dollies ($65.00 and $112.00) — loaded; never delivered. One acknowledged by Barbara text. Ex. 14.

**17.** Folding ladders: 3-step ($93.00), 4-step ($145.00), Werner 16-foot aluminum extension ($260.00) — loaded; never delivered.

**18.** Total never delivered: $15,000 + $330 + $140 + $40 + $65 + $112 + $93 + $145 + $260 = $16,185.00. 4AC Appendix A.

**B. Delivered Damaged — $1,368.00**

**19.** Sentry Valueguard 1330 safe ($323.00) — delivered December 19, 2020 with door pried open (crowbar marks) and taped shut; lock destroyed; watch missing. Ex. 16.

**20.** Bicycle, 26-inch ($300.00) — Fred's mountain bike delivered with bent frame and wheels; not repairable. Ex. 15.

**21.** China, pottery, and collectibles ($745.00) broken or damaged: five 8×10 frames with broken glass ($65); antique yellow French pottery bowl ($340); Franciscan Hacienda dinner plate ($33), vegetable bowl ($58), bowl ($28); vintage milk-glass serving dish ($44); two crystal wine glasses ($33); handmade pottery mug ($38); Pyrex 9×13 ($33); Starbucks mug ($34); Alaskan jigger ($39). Pre-move condition documented by photograph.

**22.** Total delivered damaged: $323 + $300 + $745 = $1,368.00.

**23.** Total property losses: $16,185 + $1,368 = $17,553.00 (4AC Appendix A). Homeowners insurance paid $2,808.00 on some items; that recovery does not offset our claims against the broker/enterprise defendants for the full actual loss.

**IV. RICO ACTUAL DAMAGES — $22,731.00 / TREBLE $68,193.00**

**24.** For Count III (RICO), actual damages are moving charges plus property losses: $5,178.00 + $17,553.00 = $22,731.00. Trebled under 18 U.S.C. § 1964(c): $68,193.00, plus attorney's fees. 4AC Prayer (c).

## V. EMOTIONAL DISTRESS — STATE COUNT I

**25.** We are both in our seventies and were recently retired. The trauma from Defendants' conduct has been profound and lasting.

**26.** Fear and intimidation: D United arrived about 9:30 p.m. at loading and held our goods hostage in real time while we were holdovers. Weeks of not knowing where our property was caused constant anxiety and sleeplessness.

**27.** At delivery we were so frightened of D United—based on complaint history we discovered—that we asked the Riverside County Sheriff's Department for an officer. Ex. 19. The experience was degrading and terrifying.

**28.** Discovery of the safe break-in and stolen century-old family watch, while a deputy was present, caused lasting grief that cannot be replaced by money alone.

**29.** Ongoing symptoms since November 2020 include persistent anxiety about financial security, severe sleep disruption, and disrupted eating habits.

**30.** We seek $50,000.00 in emotional-distress damages under State Count I (Negligent Hiring), as set forth in the 4AC Prayer.

## VI. ENTERPRISE / SE HOLDING — PERSONAL KNOWLEDGE OF HARM

**31.** We contracted with US Pro based on its website and binding not-to-exceed estimate. We were not told the identity of the actual carrier (D United) before contracting, and we did not learn of D United's extensive complaint history until after loading. Ex. 11.

**32.** We understand from this litigation that Southeast Holding LLC is the managing umbrella for US Pro and related brokerages, answered this lawsuit (ECF No. 36), and has been without counsel since June 13, 2023 (ECF No. 49). We seek judgment against Southeast Holding on Counts I, III, and State Count I as set forth in our Motion and Memorandum.

## VII. DAMAGES SUMMARY TABLE

The following summarizes damages supported by this Declaration, 4AC Appendix A, and the marked exhibits:

| Category | Amount | Source |
|---|---:|---|
| Moving charges paid (net) | $5,178.00 | App. A; Joint Decl. ¶¶ 4–11 |
| Property never delivered | $16,185.00 | App. A; Joint Decl. ¶¶ 13–18 |
| — Gold heirloom watch | $15,000.00 | App. A; Joint Decl. ¶ 13 |
| — Other undelivered items | $1,185.00 | App. A; Joint Decl. ¶¶ 14–17 |
| Property delivered damaged | $1,368.00 | App. A; Joint Decl. ¶¶ 19–22 |
| Total property losses | **$17,553.00** | 4AC App. A; Joint Decl. ¶ 23 |
| RICO actual (charges + property) | $22,731.00 | Joint Decl. ¶ 24 |
| RICO treble (§ 1964(c)) | **$68,193.00** | 4AC Prayer (c) |
| Negligent hiring emotional distress | $50,000.00 | Joint Decl. ¶¶ 25–30 |
| Homeowners insurance recovery (note) | $2,808.00 | App. A (does not offset) |

**Payments detail (4AC Appendix A / Joint Decl. ¶¶ 4–11):**

| Date | Payee | Amount | Method / Notes |
|---|---|---:|---|
| 10/19/2020 | US Pro | $778.00 | Bank draft #7257305 (US Pro-generated) |
| 11/18/2020 | US Pro | $500.00 | Wire transfer (second account) |
| 02/17/2021 | US Pro | ($300.00) | Unsolicited ACH refund after BBB |
| | **US Pro net** | $978.00 | |
| 11/26/2020 | D United | $1,500.00 | Cash hostage demand at loading |
| 12/19/2020 | D United | $2,700.00 | Cash hostage demand at delivery |
| | **D United total** | $4,200.00 | |
| | **TOTAL CHARGES** | $5,178.00 | Count I refund (Joint Decl. ¶ 11) |

## VIII. RECORDS

**33.** We have and will produce: (a) bank records for the $778 draft; (b) $500 wire confirmation; (c) $300 refund statement; (d) loading and delivery photographs; (e) broken-safe photographs; (f) Barbara texts; (g) homeowners claim docs; (h) watch provenance materials; (i) D United inventory forms; (j) US Pro binding estimates. Marked package exhibits include Exs. 11, 12C, 13–17, 19, 21.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 8, 2026.

Fred Marti

Fred Marti, Plaintiff

Linda Marti

Linda Marti, Plaintiff